■ In the Matter of LANGUAGE DEVELOPMENT PROGRAM OF WESTERN NEW YORK, INC., Appellant, v GORDON M. AMBACH, as New York State Commissioner of Education, et al., Respondents. — Appeal (1) from a judgment of the Supreme Court at Special Term (Klein, J.), entered June 24, 1982 in Albany

County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education which restricted petitioner's ability to receive public funds for the education of children with handicapping conditions, and (2) from an order of said court, entered June 24, 1982 in Albany County, which denied petitioner's motion for leave to reargue. On December 11, 1978, petitioner, a not-for-profit corporation, was placed upon a list of approved schools eligible to contract with boards of education and to receive reimbursement with public money for educating handicapped children who cannot be served in public schools. The approval was for a "program serving children who have severe speech and language disorders due to hearing loss, specific learning disability, development lag or severe speech impairment." Following receipt of a critical inspection report, the parties negotiated a settlement of several disputed terms and conditions for petitioner's continuation on the approved school list. However, in a February 27, 1981 letter, respondent Louis Grumet, Assistant Commissioner for Children with Handicapping Conditions, formally notified petitioner that it had been approved to serve severely speech language impaired children of ages 6 to 10 years (later amended to be 5 to 10 years of age) who cannot be served in public schools. The letter further stated the approval was not for children whose primary handicapping condition is other than severe speech language impairment and advised petitioner to apply, should it desire, for approval for services or programs for other handicapping conditions. Special Term dismissed petitioner's CPLR article 78 proceeding to annul the determination and denied petitioner's motion for leave to reargue. Petitioner has appealed from both the judgment and order. Petitioner's first contention is that respondents, in diminishing the scope of handicapped children approved for education by petitioner from its original parameters, unconstitutionally deprived petitioner of a previously issued benefit. Arguing that the 1978 approval gave it an expectation of continued participation constituting a property right, petitioner claims that respondent's refusal to grant an evidentiary hearing was a denial of due process (US Const, 14th Amdt, § 1). We disagree. To have a property interest protected by the Constitution, one must have more than a unilateral expectation; he must have a legitimate claim of entitlement to something. Property interests are not created by the Constitution. They must stem from an independent source such as State law, rules or understandings, that secure certain benefits and that support claims of entitlement to those benefits (*Board of Regents v Roth,* 408 US 564). Petitioner had nothing more than the inclusion of its name in a list of private schools approved for reimbursement from public funds to educate handicapped children who cannot be served in public schools. There were no terms defining the duration of the eligibility to remain on the approved list; no minimum or maximum number of students to be educated nor of the amount of tuition to be charged, nor any restriction upon the right of either party to terminate the program. Indeed, respondents made clear that continued approval would be subject to several conditions and that the philosophy of both State law and respondents was to "mainstream" the children into public school programs. Sections 4401 and 4402 of the Education Law authorize the use of public funds to educate handicapped children in nonpublic schools. These statutes do not require the use of nonpublic schools but, in fact, express a clear preference for placement of such students in publicly operated programs (Education Law, § 4402, subd 2, pars a, b, cl [1]). In these circumstances, petitioner did not have a property interest or right sufficient to require a hearing before any modification of the scope of the students it could educate (see *Perry v Sindermann,* 408 US 593, 601). Moreover, it does not appear any factual issues exist for resolution at a hearing since respondents did nothing more than implement a policy measure in accordance with

classifications contained in the regulations then in effect (former 8 NYCRR 200.4 [a] [7] [amd July 1, 1982]). While implementation of policy as it applies to a participant is an adjudicatory function in which decision making requires due process (see *Hornsby v Allen,* 326 F2d 605, 608), a hearing is unnecessary absent factual questions to be resolved (see *Matter of Reisman v Codd,* 54 AD2d 878, 879). All that is present here is the application of a general policy to a given state of facts for which no hearing was necessary. Finally, we reject petitioner's contention that respondents' determination was arbitrary and capricious. As Special Term correctly held, the controversy involves only a philosophical dispute devoid of any showing that respondents' methods for educating handicapped children, which focuses on their primary handicapping condition, are improper or unreasonable. Special Term properly refused to substitute the judgment of petitioner or the court for that of respondents (see *Matter of Kelley v Ambach,* 83 AD2d 733). An order denying a motion for leave to reargue is not appealable (see *Roy v National Grange Mut. Ins. Co.,* 85 AD2d 832, 833). Although petitioner also framed its motion as one to reconsider, no new material facts have been presented, making denial proper (see *Spiro v Spiro,* 91 AD2d 1103). Judgment and order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.