*640 OPINION OF THE COURT
Lea Ruskin, J.
The defendant is charged with driving while intoxicated (D.W.I.) in violation of section 1192 (2) of the Vehicle and Traffic Law. His attorney has moved (1) to suppress the results of a breath test pursuant to CPL 710.20 (1); (2) to preclude the testimony of any police officers pertaining to their observations of the defendant pursuant to CPL 710.60 or, in the alternative, for an order directing a Dunaway hearing be held prior to trial; (3) to suppress the results of the breath test and any statements made by the defendant after his arrest; (4) for a Huntley hearing to determine the admissibility of any statements made by defendant; (5) for a Sandoval hearing to be held prior to trial; and (6) for an order dismissing the accusatory instrument in the interests of justice pursuant to CPL 170.40 or, in the alternative, for an order directing that a Clayton hearing be held.
Defendant’s moving papers consist primarily of an attorney’s affirmation setting forth principles of law, statute and case citations, legal arguments and factual statements based upon information and belief “premised upon conversations had with the defendant.” (Davis affidavit ¶ 2.) The People’s affirmation in opposition likewise “is based upon information and belief, the source of said information and the basis for the said belief being the files of the District Attorney’s Office” (affirmation in opposition, at 1). However, the People’s opposition papers contain no factual allegations, but contain solely statutory and case citations as well as legal arguments. Ordinarily, a court might be reluctant to rely upon statements as factual which were made upon information and belief by an attorney based upon “conversations had with the defendant” and unsupported by the defendant’s own sworn affidavit. However, in the instant case where such statements go unrefuted and are not questioned in any way by the People, it is only logical to credit these statements in the absence of any challenge to them.
In addition to the defendant’s moving papers and the People’s affirmation in opposition, an additional relevant document to this motion is the D.W.I. supporting deposition and bill of particulars and reference to it is made below in this decision.
The undisputed facts in this case are that the defendant is a cross-country driver who was staying at his friend’s house on Brittle Lane in Hicksville on the evening of September 21, 1997. He had parked his truck, with California license plates, *641 in front of his friend’s home on Brittle Lane. At about 11:30 p.m. Officer Rail, after first peering through the kitchen window to where the defendant, his host and friends were seated, knocked on the door and advised the defendant and his host that “the truck outside has to be moved, now!” (Davis affidavit 6.) In response to this command, the defendant drove the truck to the corner, made a three-point turn and drove back toward his host’s house. Approximately two houses away from the host’s house, Officer Rail stopped the truck, questioned the defendant about whether he had been drinking, placed him under arrest and transported him to Central Testing where the defendant submitted to a chemical breath test (the Intoxilyzer 5000) which resulted in a reading of a 0.13 blood alcohol content (B.A.C.). The only facts that appear to be in dispute relate to the defendant’s physical condition on the evening of the arrest. The moving papers state that the defendant maintains that he did not display any signs of intoxication, no glassy or bloodshot eyes and that neither his speech nor coordination was impaired. The observations of the officer, as shown on the D.W.I. supporting deposition and bill of particulars, were that the defendant had an odor of alcohol, glassy eyes, slurred speech and bloodshot eyes.
Other relevant and unchallenged facts, particularly important regarding the motion for dismissal in the interests of justice, include the following: the defendant is a 52-year-old resident of California who has been a long-haul truck driver since 1973 and maintains a special California license for this purpose; he has served as a trainer for other truck drivers and has never been arrested for any type of crime or violation. Numerous letters of commendation were submitted, all of which have been carefully reviewed by the court. The defendant has received Driver of the Year Awards and Driver of the Month Awards from two separate former trucking lines for which he has worked. The defendant has a clean driving record. The defendant has made a living as a long-haul, cross-country driver for over 20 years and a conviction in the instant case would mean permanent separation from C.R. Hamilton, Inc. and United Van Lines Service, his present primary employers. The defendant is a responsible and dependable person who is concerned about safety in his career and who is highly regarded by his business acquaintances.
This case raises the unique question of whether a probably intoxicated defendant who otherwise had no intention of driving in that condition, but who operated a motor vehicle for a *642 short distance at the direct command of a police officer, under the totality of the surrounding circumstances in the instant case, should be subject to arrest and conviction for driving while intoxicated. As noted above, the D.W.I supporting deposition and bill of particulars states that the defendant had an odor of alcohol about him, glassy eyes, slurred speech and bloodshot eyes. If these observations were correct, then they should have been noted when he first spoke with the defendant at the Brittle Lane house, not minutes later on a darkened street. If these observations were made at the Brittle Lane house, then it would, in the court’s opinion, be unjust for the officer to have allowed the defendant to drive the vehicle at the officer’s direction and then to arrest the defendant for performing the very act which the officer commanded that he perform. On the other hand, the defendant denies the foregoing indicia of intoxication. If there were no such indicia, then there would be no basis to support the arrest of the defendant by the officer which led to the statements by the defendant that he had been drinking beer and shots or to the Intoxilyzer test, which resulted in the 0.13 B.A.C. reading. Therefore, under all of the circumstances in this case, the court believes that the interests of justice would best be served by a dismissal of the charges, pursuant to CPL 170.40.
In reaching this conclusion the court has considered and examined the following factors and concluded as indicated below:
(a) the seriousness and circumstances of the offense as to which the court concludes that the defendant did not drink and voluntarily drive this vehicle but rather operated it at the command of the arresting officer and that the defendant did not speed or operate the vehicle erratically or drive for any meaningful distance;
(b) there was no harm to any individual or property caused by the offense;
(c) the evidence of guilt, which could support a guilty verdict, if admissible;
(d) the history, character and condition of the defendant, all of which are favorable to the defendant;
(e) the conduct of the arresting officer which, although not “exceptionally serious misconduct” (CPL 170.40 [e]), did evidence poor judgment by directing an apparently impaired or intoxicated individual to operate a motor vehicle;
(f) the effect of imposing on the defendant a sentence authorized by the offense, as to which the court concludes that the *643 consequences would be harsh on the defendant and be of no significant benefit to society;
(g) the impact of the dismissal on the safety or welfare of the community which would be inconsequential; and
(h) the impact of a dismissal on the public’s confidence in the justice system which the court concludes will be enhanced by the fairness of a dismissal of this charge in the interests of justice.
In light of the court’s ruling pursuant to CPL 170.40, the other requests for relief in the moving papers are moot.