■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD S. HAMM, Appellant. [815 NYS2d 772]—

Carpinello, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 21, 2004, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

Shortly before midnight on May 15, 2005, two patrolling State Troopers came upon a truck idling with its headlights on in the middle of a street partially blocking traffic in both lanes. They observed defendant stumble from the rear of the vehicle toward the driver's side door. Upon pulling up beside him and inquiring why the truck was parked in the middle of the street, defendant mumbled that he was delivering money to his girlfriend. According to the Troopers, they then made a U-turn in the street with the intention of pulling behind defendant's vehicle.

In the meantime, defendant got into the truck, drove a short distance ahead and parked it, partially on the curb.* When questioned by the Troopers, defendant told them that he was returning home from the City of Albany where he had consumed two nonalcoholic beers. At this time, the Troopers also observed that defendant's speech was slurred and they detected an odor of alcohol on his breath.

Upon administering various field sobriety tests, defendant failed and was arrested for driving while intoxicated. He later admitted that he had also consumed three regular beers that night. Moreover, his blood alcohol content was determined to be .16%. Found guilty of two counts of driving while intoxicated by a jury and sentenced to concurrent prison terms of $2^1/_3$ to 7 years for each count, defendant appeals. We affirm.

Defendant argues that County Court erred in not charging the jury with the affirmative defense of entrapment. Specifically, defendant claims that because the Troopers knew, or should have known, that he had been drinking and because there was evidence that one of the Troopers directed him to move his vehicle out of the middle of the street (*see* n, *supra*), the jury should have been charged that his act in driving that night was not voluntary such that any intent to commit driving while intoxicated was negated. We are unpersuaded.

Even viewing the evidence adduced at trial in a light most favorable to defendant, it did not reasonably support his request for an entrapment charge and therefore County Court did not err in refusing to give it (*see e.g. People v Brown*, 82 NY2d 869, 870-871 [1993]; *People v Butts*, 72 NY2d 746, 747-748 [1988]). As noted by the Court of Appeals, "Penal Law § 40.05 requires a showing both that the proscribed conduct was 'induced or

---

* Although defendant did not testify at trial, his former girlfriend testified on his behalf. She testified that she was standing in the doorway of her apartment that night, saw another person in the truck with defendant who later disappeared and heard one of the Troopers tell defendant to move his truck out of the street. Both Troopers denied that defendant was told to move his truck and denied seeing anyone else in the area.

encouraged' by official activity and that the defendant had no predisposition to engage in such conduct" (*People v Butts, supra* at 750-751). Here, even if the evidence demonstrated that defendant was in fact directed to move his idling vehicle from the middle of the street, an entrapment defense was still not reasonably supported. First, neither Trooper detected an odor of alcohol during their initial momentary encounter with defendant, and one of them specifically testified that he was uncertain at this time if defendant was intoxicated. Thus, the evidence does not reasonably show that defendant was "actively induced or encouraged" by the Troopers to drive while intoxicated (*People v Brown, supra* at 871).

Moreover, the jury heard uncontradicted evidence that defendant admitted to police that he had just driven his truck from Albany (*see People v Kaeppel*, 74 Misc 2d 220 [1973]; *compare People v Asche*, 175 Misc 2d 639 [1998]). Relatedly, he was observed walking from the rear of his idling vehicle toward the driver's side door when first approached (*compare People v Asche, supra*). These facts clearly establish that defendant was predisposed to drive that night, notwithstanding any alleged directive by the Trooper to move his truck.

As there is absolutely no record support for the claim of improper or unwarranted police misconduct, we also decline defendant's request to dismiss these charges in the interest of justice (*see People v Baker*, 293 AD2d 820, 821 [2002], *lv denied* 98 NY2d 708 [2002]; *compare People v Isaacson*, 44 NY2d 511, 523-525 [1978]). Finally, in view of defendant's lengthy criminal history, which includes two prior felony driving while intoxicated convictions, and his thrice failed attempts at alcohol abuse treatment, we are unpersuaded that his sentence was an abuse of discretion or that it should be modified in the interest of justice (*see People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]; *People v Arnold*, 2 AD3d 975, 976-977 [2003], *lv denied* 1 NY3d 594 [2004]; *People v Baker, supra*; *People v Palmateer*, 290 AD2d 728 [2002]; *People v Lancaster*, 272 AD2d 719, 720 [2000]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.