Matter of Crawford v Ally (2021 NY Slip Op 04082)





Matter of Crawford v Ally


2021 NY Slip Op 04082


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Troy K. Webber Lizbeth González Saliann Scarpulla


Index No. 260054/20 Appeal No. 13911 Case No. 2020-04520 

[*1]In the Matter of Shamika Crawford, Petitioner-Appellant,
v
Honorable Shahabuddeen Ally, etc., et al., Respondents-Respondents. Lambda Legal Defense and Education Fund, Inc., New York City Gay and Lesbian Anti-Violence Project, The Sylvia Rivera Law Project, Transgender Law Center, Brooklyn Defender Services, The Legal Aid Society and Neighborhood Defender Service of Harlem, Amici Curiae.



Petitioner appeals from the order and judgment (one paper), of the Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 16, 2020, which denied as moot the petition seeking a writ of mandamus to compel respondent Criminal Court Judge to hold an evidentiary hearing concerning the appropriateness and scope of a temporary order of protection, and dismissed as moot this proceeding brought pursuant to CPLR article 78.




Covington & Burling LLP, New York (David L. Kornblau and Shira Poliak of counsel), for appellant.
Letitia James, Attorney General, New York (Blair J. Greenwald and Steven C. Wu of counsel), for Hon. Shahabuddeen Ally, respondent.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen and Peter D. Coddington of counsel), for Darcel D. Clark, respondent.
Lambda Legal Defense and Education Fund Inc., New York (Richard Saenz and Ethan Rice of counsel), for Lambda Legal Defense and Education Fund, Inc., New York City Gay and Lesbian Anti-Violence Project, The Sylvia Rivera Law Project, Transgender Law Center, amici curiae.
Brooklyn Defender Services, Brooklyn (S. Lucas Marquez, Jessica Nitsche, Matthew Robinson and Jeffrey Blank of counsel), The Legal Aid Society, New York (Justine Luongo and Corey Stoughton of counsel), and Neighborhood Defender Service of Harlem, New York (Meghna Philip and Avinash Samarth of counsel), for Brooklyn Defender Services, The Legal Aid Society and Neighborhood Defender Service of Harlem, amici curiae



WEBBER, J. 


We are asked to decide whether Supreme Court properly denied as moot the petition for a writ of mandamus to compel respondent Criminal Court Judge to hold an evidentiary hearing concerning the appropriateness and scope of a temporary order of protection (TOP) and dismissed the proceeding as moot. The parties agree that this proceeding is moot, since the TOP in the underlying criminal proceeding was renewed without the condition that petitioner stay away from the complainant's home, as petitioner had sought, and the charges against petitioner were dismissed while the proceeding was pending in Supreme Court. They disagree as to whether the proceeding presents an exception to the mootness doctrine which would allow us nevertheless to rule on the petition. We find that the mootness exception applies here and accordingly, we reverse to the extent of declaring that the court should have held an evidentiary hearing.
On November 3, 2019, petitioner was arrested on a criminal complaint charging her with third-degree assault, petit larceny, obstruction of breathing or blood circulation, and second-degree harassment, based on sworn allegations by her partner, nonparty Keivian Mayers (Mayers), that she and two men assaulted him. This incident allegedly occurred inside 1232 Clay Avenue, Apt. 4B, Bronx, New York.
At petitioner's arraignment in Criminal Court, the People consented to petitioner's release but requested a TOP. The court issued a TOP prohibiting petitioner [*2]from contacting Mayers and granted petitioner's request that it be "subject to [F]amily [C]ourt modification," but denied her request to issue a "limited" TOP. The TOP itself, effective until November 8, 2019, prohibited petitioner from entering Mayers's home, listed as the address where the alleged incident occurred, except to retrieve personal items the following day.
During argument, petitioner's counsel stated that the address listed on the TOP was petitioner's apartment, that she was the lessee of the residence, and that she resided there with her young children, for whom she was the primary caregiver. Counsel argued that barring her from the residence would result in barring the children as well. The People stated that there was no indication in their file that a limited TOP was "necessary or appropriate." The court declined to issue a limited TOP "without the People's consent," but stated that it would adjourn the case for an earlier date, "for that issue to be investigated." The case was adjourned to November 8, 2019.
On November 8, 2019, petitioner appeared in Criminal Court. The People asked that the TOP "remain full, considering the nature of the charges" and Mayers's visible physical injuries when he was interviewed on the date of petitioner's arrest. The Assistant District Attorney stated that it was his understanding that both petitioner and Mayers resided in the apartment. Apparently, this was based upon the information listed on approximately 17 prior domestic incident reports (DIRs) filed by petitioner against Mayers. There was no further inquiry as to the DIRs.
Petitioner renewed her request for a limited TOP, noting that Mayers was residing in petitioner's home and that the effect of the order was to separate her from her two children. Counsel asserted that the lease allowed only petitioner, her brother, and her two children to live in the apartment. Counsel stated that Mayers refused to leave the residence and that the TOP created the risk of petitioner's losing the apartment.
The court denied petitioner's request for a modification to a limited TOP, noting that there was still a "remedy to see the children" and as to "gaining access to the home." Counsel then requested a short date in order to conduct a due process hearing to require the People to show that the TOP was actually needed, based on what counsel referred to as the property interest and family interest at stake. In reply, the court stated that it was "hearing . . . the issues [now]." The court further stated that unless petitioner was prepared to present additional information as to the issuance of the TOP, it would remain in effect. The case was then adjourned to December 20, 2019 with the full TOP in effect until that date.
On November 20, 2019, petitioner again moved the Criminal Court for a modification of the TOP. Petitioner attached a lease addendum and family composition, listing only herself, her brother, and her two children as authorized occupants [*3]of her New York City Housing Authority (NYCHA) unit. The People opposed the motion, arguing that the issue had already been litigated, that petitioner already had an opportunity to make her arguments sufficient to satisfy due process, and, finally, that the Criminal Court was the least appropriate forum for resolving claims to a particular residence, since Mayers was not a party and as such did not have a meaningful opportunity to respond. The court denied the motion, finding there was "no change of circumstances." A new TOP was issued effective until January 30, 2020.
On January 22, 2020, petitioner sought "a writ of mandamus directing the Bronx Criminal Court to hold an evidentiary hearing concerning the appropriateness and scope of the [TOP]" issued in her criminal case.
At a proceeding on January 30, 2020, another Criminal Court judge presiding over the case modified the TOP. In doing so, the court reviewed the evidence presented, including the fact that while no prior order of protection had been issued against petitioner, there had been many prior incidents of abuse against petitioner by Mayers. The court also apparently reviewed the photographs of Mayers's injuries and noted that while they depicted injuries, there was "nothing of any specificity indicating that [petitioner] was in fact responsible for those injuries."
The court further stated that the record made that day indicated that Mayers had previously threatened petitioner and that he had an alcohol intoxication issue. The court concluded by stating that under CPL 530.12(1)(a), "it would not be appropriate to require [petitioner] to stay away from the home, school, business, or place of employment of the individual whom she has children in common with." However, the court found it appropriate to issue an order of protection requiring petitioner to "refrain from any act that would create an unreasonable risk to the health, safety, and welfare of any family member and in particular, that she is not to engage[] in any family offences [sic] against the complainant."
The case was then adjourned to March 5, 2020. On that date, upon the application of the People, the case was dismissed. Based upon that dismissal, Supreme Court dismissed the petition for a writ of mandamus as moot.
We find that the Criminal Court's initial failure to hold an evidentiary hearing in accordance with petitioner's due process rights after being informed that petitioner might suffer the deprivation of a significant liberty or property interest upon issuance of the TOP falls within the exception to the mootness doctrine: "(1)[there is] a likelihood of repetition, either between the parties or among other members of the public; (2) [it involves] a phenomenon typically evading review; and (3) [there is] a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Although the issue is [*4]not likely to recur with respect to petitioner, the parties are in agreement that the issue is likely to recur "among other members of the public." As was stated by the Criminal Court judge who ultimately issued the limited TOP, "it is [the Bronx Criminal] [C]ourt's practice not to conduct a hearing" when a defendant challenges the prosecution's application for a TOP. The District Attorney's Office conceded that temporary orders of protection are "regularly" issued in domestic abuse cases in the Bronx, and Supreme Court in its decision stated that "similar circumstances may arise in another proceeding by someone else in the general public." The correct standard is whether the issue "typically"—not "necessarily"—evades review (see Hearst Corp., 50 NY2d at 715).
As to the second prong, pretrial temporary orders of protection typically last for only a short duration between court appearances, often for one or two months. This short duration between appearances results in little or "no opportunity to litigate a challenge to any one such order while it is still in effect" (People v Forman, 145 Misc 2d 115, 122 [Crim Ct, NY County 1989]). Thus, the temporary nature of short-term orders of protection serves in many ways to insulate them from legal challenge.
As to a showing of substantial and novel issues, the Court of Appeals has indicated that, if the issue is substantial, novelty is not a requirement of the mootness exception (see People ex rel. McManus v Horn, 18 NY3d 660, 663-664 [2012]; City of New York v Maul, 14 NY3d 499, 507 [2010]). The impact of being barred from one's home, even temporarily, can be far-reaching; notably, petitioner faces the potential loss of specialized public housing. Depriving a person of her valuable property right in a lease or tenancy interest by issuing a Criminal Court order of protection triggers the due process requirement (see People v Forman, 145 Misc 2d at 125-130). Moreover, in addition to the potential loss of her NYCHA apartment, petitioner was barred from access to her children for nearly three months.
The present circumstances are similar to those in Matter of F.W. (Monroe W.) (183 AD3d 276 [1st Dept 2020]), where a father appealed, on due process grounds, the Bronx Family Court's delay in holding an evidentiary hearing regarding the removal of his children from his care based on alleged parental neglect, and before the appeal was decided, the father prevailed at the evidentiary hearing, and the Family Court completed the neglect proceeding in its entirety, mooting the appeal. This Court found that the mootness exception applied, and reached the merits of the appeal. We held that the Family Court's delay in holding an expedited evidentiary hearing interfered with the father's fundamental liberty interest in the care, custody, and control of his children and violated due process in protecting that interest (183 AD3d at 281).
In sum, while this proceeding is moot as to petitioner, it falls within [*5]the exception to the mootness doctrine because it implicates substantial issues that will likely recur elsewhere and that typically evade review, and we hold that the Criminal Court should have held a hearing.
In order to issue a TOP, and thereby deprive a defendant of significant liberty and property interests, there must be an articulated reasonable basis for its issuance. While consideration of whether the defendant poses a "danger of intimidation or injury" to the complainant (see People v Forman, 145 Misc 2d at 125) is one factor, there are other factors that should be considered as well. The Criminal Procedure Law enumerates a non-exhaustive list of factors that a court "shall consider" when determining whether to order the defendant in a family offense case "to stay away from the home, school, business or place of employment of the family or household member or of any designated witness" (CPL 530.12[1][a]). Under this statute, the court must consider "whether the temporary order of protection is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, past or present injury, threats, drug or alcohol abuse, and access to weapons." Indeed, in the instant case, in the January 2020 proceeding, after being apprised of all of the relevant information, including the filing of 17 prior DIRs that alleged domestic violence against petitioner by Mayers, the Criminal Court articulated a reasoned basis for issuing a "limited" TOP, based in part on CPL 530.12.
This Court need not articulate the precise form of the evidentiary hearing required. At a minimum, however, when the defendant presents the court with information showing that there may be an immediate and significant deprivation of a substantial personal or property interest upon issuance of the TOP, the Criminal Court should conduct a prompt evidentiary hearing on notice to all parties and in a manner that enables the judge to ascertain the facts necessary to decide whether or not the TOP should be issued (see Matter of Lopez v Fischer, 2009 NY Slip Op. 32859(U), *4 [Sup Ct, Nassau County 2009]; cf. Krimstock v Kelly, 306 F3d 40, 69 [2d Cir 2002]).
Accordingly, the order and judgment (one paper), of the Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 16, 2020, which denied as moot the petition seeking a writ of mandamus to compel respondent Criminal Court Judge to hold an evidentiary hearing concerning the appropriateness and scope of a temporary order of protection, and dismissed as moot this proceeding brought pursuant to CPLR article 78, should be reversed, on the law, without costs, to the extent of declaring that the petition should have been granted.
Order and judgment (one paper), Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about September 16, 2020, reversed, on the law, without costs, to the extent of declaring that the petition [*6]should have been granted.
Opinion by Webber, J. All concur.
Renwick, J.P., Webber, González, Scarpulla, JJ.
M-1224- In the Matter of Crawford v Ally, et al.
M-1403- 
Motions to file amicus curiae briefs granted,
and the briefs deemed filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021