People v Koita (2025 NY Slip Op 51668(U))

[*1]

People v Koita

2025 NY Slip Op 51668(U)

Decided on October 21, 2025

Criminal Court Of The City Of New York, Kings County

Carrington, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 21, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Mouhamed Koita, Defendant.

Docket No. CR-011847-25KN

The defendant was represented by Kevin Gunther of The Law Office of Kevin Gunther. ([email protected])
The People were represented by ADA Jennifer Marshall. ([email protected])

Nancy Fayed Carrington, J.

In his motion, dated August 7, 2025, defendant seeks dismissal pursuant to CPL § 30.30. The People opposed the application on August 22, 2025.
For the reasons detailed below, the defendant's motion to dismiss is granted. 
The criminal action commenced with the filing of a misdemeanor complaint on March 11, 2025, charging defendant with Assault in the Third Degree (PL § 120.00 [1]), Attempted Assault in the Third Degree (PL § 110/120.00 [1]), and Harassment in the Second Degree (PL § 240.26 [1]).[FN1]
(CPL §§ 1.20 [16], [17] and 100.05; People v. Osgood, 52 NY2d 37, 43 [1980].) The prosecution had 90 days to be ready for trial, minus any periods of excludable delay. (See CPL § 30.30 [1][b].) Accordingly, the Court makes the following determinations as to the speedy trial calculations in this case. 
March 11, 2025 — March 18, 2025
The criminal action commenced with the filing of an accusatory instrument on March 11, 2025. Defendant was arraigned on March 12, 2025, and the matter was adjourned to March 18, 2025, at the defendant's request for a Crawford hearing. (See Crawford v Ally, 197 AD3d 27 (1st Dept 2021). 
Defendant argues that, although the matter was adjourned for a hearing, this adjournment was granted prior to the People's statement of trial readiness and is, therefore, presumptively chargeable. (See People v Grier, 2025 NY Slip Op 25095, 232 NYS3d 751 [Crim Ct Kings County 2025].) In response, the People argue the adjournment is excludable as delay caused by a proceeding concerning the defendant. They further argue that the hearing was granted by the [*2]Court at the request of the defendant under CPL § 30.30 (4)(b). (See People v Hooks, 78 Misc 3d 398 [Crim Ct Kings County 2023].)
In the absence of appellate authority on the impact of an adjournment for a Crawford hearing on speedy trial calculations, lower courts have disagreed on how to resolve the issue. While some courts have held that the hearing constitutes an adjournment requested by the defendant or his counsel as described in CPL § 30.30(4)(b), others have focused their analysis on the use of the phrase "period of delay" throughout subsection 4 of the statute, leading to a different result. (See Hooks, 78 Misc 3d at 403; Grier, 232 NYS3d at 756.) Reasoning that a Crawford hearing does not create a "delay" as contemplated by the statute, the Grier court, while acknowledging that the hearing was ordered at the request of the defendant, held that pre-readiness adjournments are presumptively chargeable absent an explicit speedy trial waiver by the defendant. (Grier, at 756.) This Court is persuaded by the reasoning in Grier.
The dominant legislative intent of CPL § 30.30 is to discourage prosecutorial inaction and ensure prompt prosecutorial trial readiness. (People v Price, 14 NY3d 61, 64 [2010]; People v Sinistaj, 67 NY2d 236, 239 [1986].) The legislature set strict timelines within which the People must be ready to proceed to trial and allowed for the exclusion of periods of delay in calculating the time within which the People must be ready. (See CPL § 30.30 [1] and [4].) CPL § 30.30(4) sets forth the time periods which constitute an excludable delay for purposes of computing speedy trial time. Each subsection presents a circumstance that creates a delay in the People's ability to proceed to trial such as motion practice, consent adjournments, and the defendant's unexcused absence or unavailability. (See CPL § 30.30 [4][a], [b], [c][i], and [c][ii].) 
To successfully set forth a challenge under CPL § 30.30(1), the defendant must first allege that the People have failed to declare their readiness within the statutory time limit. (People v Beasley, 16 NY3d 289, 292 [2011].) Once the defendant has properly set forth the basis of his challenge, the People then have the burden to prove that certain periods of delay are excludable. (People v Berkowitz, 50 NY2d 333, 349 [1980].)
Here, the statute requires the People to be ready for trial within ninety days of the commencement of the criminal action. (CPL § 30.30 [1][b].) The parties agree that all time from March 18, 2025 to June 13, 2025, is chargeable to the People. The only period in dispute is that from March 11, 2025, to March 18, 2025, which both sides concede was requested by the defendant for purposes of rearguing the parameters of the order of protection at a Crawford hearing. The People rely on CPL § 30.30(4)(b) which provides that "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel" is excludable from speedy trial calculations. The Court holds that the People have not met their burden in showing that this period constitutes an excludable "period of delay."
The decision whether to sustain, modify or rescind a temporary order of protection does not impact the People's ability to gather discovery and prepare for trial. In contrast, the "periods of delay" described by CPL § 30.30(4) describe circumstances that delay the commencement of trial or otherwise hinder the ability of the parties to reach a resolution. For example, pre-trial suppression motions determine the admissibility of evidence and therefore impact the People's trial preparation and the defendant's theory of the defense. (See People v Solano, 206 AD3d 432, 433 [1st Dept 2022].) While such motions are pending a trial cannot proceed. (CPL § 30.30 [4][a].) Likewise, during the period in which the defendant is without counsel, proceedings must come to a halt to ensure that the defendant's constitutional rights are protected, and he is able to [*3]make fully informed decisions about his defense. (See People v Rouse, 12 NY3d 728, 729 [2009]; CPL § 30.30 [4][f].) A Crawford hearing, on the other hand, is a collateral issue that runs parallel to the criminal proceeding but does not impede its advancement. In their response, the People detail their preparations for the hearing which entailed speaking to the complaining witness, requesting discovery from the NYPD and providing the defense with initial discovery. These actions are aligned with their obligations under CPL § 245.20, which are a necessary pre-requisite to their readiness for trial. (See CPL § 30.30 [5][a].) Rather than delay their ability to be ready, preparation for the Crawford hearing was consistent with their efforts to gather discoverable materials and state their readiness for trial. In the absence of a showing of an excludable period of delay under CPL § 30.30(4), the People have not met their burden and accordingly, this adjournment is chargeable to the People.
7 chargeable days.
March 18, 2025 — May 14, 2025
On March 18, 2025, defendant withdrew his motion for a Crawford hearing. The matter was adjourned to May 14, 2025, for the People to file their certificate of compliance (hereinafter "COC").
57 chargeable days.
May 14, 2025 — July 1, 2025
On May14, 2025, the People had not yet filed their COC. The matter was adjourned to July 1, 2025, for that purpose. On June 10, 2025, the People filed a superseding information with the Court. On June 13, 2025, the People filed a COC and off-calendar SOR thereby stopping the speedy trial clock. (See People v. Stirrup, 91 NY2d 434, 436 [1998].) 
30 chargeable days.
July 1, 2025 — September 11, 2025
On July 1, 2025, the Court set a motion schedule. The matter was adjourned to September 11, 2025, for the Court's decision. 
0 chargeable days.
September 11, 2025 — October 9, 2025
On September 11, 2025, the Court needed additional time to rule on the issues presented by the parties. The matter was adjourned to October 9, 2025, for the Court's decision.
0 chargeable days.
The People have accrued 94 chargeable days since the defendant's arraignment and the defendant's motion to dismiss is therefore granted. 
This constitutes the decision and order of the Court. 
Dated: October 21, 2025
Kings County, New York
Hon. Nancy Fayed Carrington 
Judge of the Criminal Court

Footnotes

Footnote 1:On June 10, 2025, the People filed a superseding information adding the charges of Menacing in the Second Degree (PL § 120.14[1]) and Criminal Possession of a Weapon in the Fourth Degree (PL § 265.01[2]).