People v Diaz (2025 NY Slip Op 51760(U))

[*1]

People v Diaz

2025 NY Slip Op 51760(U)

Decided on November 10, 2025

Criminal Court Of The City Of New York, Kings County

Patel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 10, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Javier Diaz, Defendant.

Docket No. CR-051342-25KN

Williams Dimas Jacobs-Perez, Brooklyn Defender Services, for the defendant Javier Diaz
John Antonio, Assistant District Attorney (Kings County), for the People of the State of New York

Hemalee J. Patel, J.

Javier Diaz (hereinafter "Defendant") was arraigned on October 25, 2025 and charged with Assault in the Third Degree (Penal Law [hereinafter "PL"] § 120.00[1]), Attempted Assault in the Third Degree (PL § 110/120.00[1]), Endangering the Welfare of a Child (PL §260.10[1]) and Harassment in the Third Degree (PL § 240.26[1]). It is alleged that Defendant punched the complaining witness (hereinafter "CW") in the face with a closed fist while she was holding the parties' infant child, born XX XX, 2023, causing her to drop the child to the floor and causing her to suffer pain, bruising, swelling and bleeding to her right eye, and to fear further injury. The Defendant and CW are intimate partners and live together.
At the Defendant's arraignment the People requested a full "stay-away" temporary order of protection, directing the Defendant to stay away from the CW, the parties' shared home, and anywhere else that CW would be, such as school and work. The order was granted and additionally included a directive that defendant "stay-away" from the parties' child. The Defendant objected to the order and requested that the matter be adjourned for a hearing pursuant to Crawford v Ally (197 AD3d 27 [1st Dept 2021]). 
The parties appeared in court for the Crawford hearing on October 29, 2025. Although the hearing had been scheduled by the judge presiding over the Defendant's arraignment, the Court declined to hold the hearing, on the record, for the reasons more fully stated herein.
Crawford v Ally
In Crawford, the defendant Shamika Crawford (hereinafter "Crawford") was accused of, among other things, third-degree assault, based on an allegation by her partner, Keivian Mayers (hereinafter "Mayers"). At the arraignment, the People requested a temporary order of protection (hereinafter "TOP"), which in effect, prohibited the Defendant from entering the address listed as Mayers's home and the place where the alleged incidents occurred. Crawford objected, arguing the address listed was in fact her own address, and that she was the lessee and lived there [*2]with her children. The court denied Crawford's request at that appearance for a limited order of protection, as the People would not consent.
Five (5) days later, Crawford appeared in Bronx County Criminal Court, again requesting modification of the TOP, which the People opposed, seeking to maintain the full stay-away terms. Crawford again argued that Mayers was living in her home and that she was separated from her children. The court denied the request for a modification. 
Crawford then filed a written motion for a modification of the TOP, attaching a lease and a family composition, showing herself, her brother and her two (2) children as the only authorized occupants of the New York City Housing Authority (hereinafter "NYCHA") apartment. The People continued to oppose the request, arguing that the issue had been litigated, and the Defendant had already had an opportunity to be heard. The court denied the motion, finding that there had been no change in circumstances since the last appearance, and adjourned the case to late January.
Eventually, Crawford filed a petition pursuant to CPLR article 78 for a writ of mandamus directing the Criminal Court to hold an evidentiary hearing concerning the appropriate scope of the TOP. During the pendency of that application, Crawford again appeared in Criminal Court on the previously-scheduled adjournment date. At that appearance, which occurred on the final effective date of the TOP, the court reviewed the evidence presented prior to issuing a new TOP. The court noted that, although there were seventeen (17) prior Domestic Incident Reports by Crawford against Mayers, Crawford had never had a prior order of protection issued against her. The court also reviewed the photographs of Mayers's alleged injuries, finding that the photos did not demonstrate that Crawford was responsible for the injuries depicted, and indeed that the record reflected that Mayers had previously threatened Crawford. Accordingly, the court concluded that under CPL 530.12(1)(a), a full stay-away order of protection was inappropriate, and instead issued a limited TOP as Crawford had requested. The case was again adjourned, and was subsequently dismissed on the People's motion on the adjournment date.
Crawford's CPLR article 78 petition was then dismissed by the Supreme Court as moot, in light of the dismissal of the criminal case against her. Crawford appealed that dismissal, however, and the Appellate Division, First Department, after concluding that the appeal fell within an exception to the mootness doctrine, held that "when the defendant presents the court with information showing that there may be an immediate and significant deprivation of a substantial personal or property interest upon issuance of the TOP, the Criminal Court should conduct a prompt evidentiary hearing on notice to all parties" (Crawford v Ally, 197 AD3d at 34).
Property Interest & Significant Deprivation
As just recited, to be entitled to a Crawford hearing, a defendant must allege the existence of a "substantial personal or property interest" (id.), the existence and extent of which the defendant must then prove at the demanded evidentiary hearing. "Protectable property interests arise when there is a legitimate claim of entitlement pursuant to State of local law" (Bower Associates v Town of Pleasant Valley, 304 AD2d 259 [2d Dept 2003]; see also Matter of Language Dev. Program of W. NY v Ambach, 96 AD2d 667 [3d Dept 1983]): "To have a property interest protected by the Constitution, one must have more than a unilateral expectation; he must have a legitimate claim of entitlement in something. Property interests are not created by the Constitution. They must stem from an independent source such as State laws, rules or understandings, that secure certain benefits and that support claims of entitlement to those [*3]benefits" (Matter of Language Dev. Program of W. NY v Ambach, 96 AD2d at 668). Merely occupying property without a legal right under contract or statute does not create a "property interest in the real property being occupied or in continual occupancy" (Morillo v City of New York, 178 AD2d 7, 12-13 [1st Dept 1992], lv denied 80 NY2d 752 [1992]). Therefore, occupants without a colorable claim of right "cannot show a deprivation of 'rights, privileges or immunities secured by the Constitution or laws of the United States'" (Morillo v City of New York, 151 Misc 2d 837, 843 [Sup Ct, New York County 1991] [alterations omitted], quoting De Villar v City of New York, 628 F Supp 80, 83 [SDNY 1986]).
Here, the Defendant lived, without a lease or any similar agreement, in an apartment which belonged to the CW's parents. Even if the CW had invited the Defendant to stay there, she had no property right that she could convey to the Defendant, even if she were deemed to have attempted to do so. The request for a Crawford hearing was therefore unsupported by any property interest, let alone a substantial property interest,[FN1]
and therefore on this basis alone, a Crawford hearing would have been inappropriate, as there was no interest about which to conduct an evidentiary hearing.
Moreover, Crawford only speaks of an "immediate and significant deprivation" of such an interest (Crawford v Ally, 197 AD3d at 34). To the extent that exclusion from the place where the Defendant was living constitutes a "deprivation," there is such a deprivation in every order issued pursuant to CPL 530.12(1)(a)(1). Indeed, it is for this reason that the statute requires a court issuing a TOP to consider, as part of that determination, "whether the [TOP] is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, past or present injury, threats, drug or alcohol abuse, and access to weapons" (CPL 530.12[1][a][1]). However, "[t]his is not a balancing test, with the defendant's interest in retaining possession of and residence in his home on one side, and the danger of intimidation or injury to the complaining witness on the other side. The aim of the TOP, protecting the complaining witness, is of paramount importance" (People v Carrington, 12 Misc 3d 1189[A] at *2 [Crim Ct, Kings County 2006]).
In Crawford, there was a real risk of a significant deprivation of a substantial property interest, because in that matter the defendant had a NYCHA lease in her name. She risked the loss of that leasehold interest pursuant to the rules of NYCHA housing because her failure to occupy the apartment would have been grounds for termination of her lease (see NYCHA, Admissions and Continued Occupancy Policy ch 11, E[ii][6] ["Assignment or Transfer of Possession"][FN2]
; see also 24 CFR §§ 966.4[f][3], [l][2], NYCHA, Public Housing Lease § 5[a][FN3]
). By contrast, here, as in other facially meritless demands for Crawford hearings, there is no [*4]deprivation suggested beyond the normal consequences of a stay-away order as authorized by CPL 530.12(1)(a). Every cohabiting defendant ordered to stay away from their home must find temporary lodging, but very few risk permanent forfeiture of their home, as was the case in Crawford. In the absence of such extraordinary circumstances, there is no cause to impose greater procedural costs on the system than provided for by the legislature in crafting that statute (see People v Ramos, 85 NY2d 678, 687 [1995] ["no court rule can enlarge or abridge rights conferred by statute, and this bars the imposition of additional procedural hurdles that impair statutory remedies"] [internal citations omitted]).
Accordingly, the Defendant's motion is DENIED.
All requests for relief not expressly granted herein are deemed DENIED.
This constitutes the Decision and Order of the court.
Dated: November 10, 2025,
Brooklyn, New York
ENTER:
Hemalee J. Patel,
Judge of the Criminal Court

Footnotes

Footnote 1:The Defendant did not argue in this case that he had a personal interest that was impaired by the TOP.

Footnote 2:Chapter 11: Lease Terminations, https://www.nyc.gov/site/nycha/residents/acop/chapter-11.page (last visited October 31, 2025).

Footnote 3:NYCHA Resident Lease Agreement, https://www.nyc.gov/assets/nycha/downloads/pdf/040507-Public-Housing-Lease-NYCHA-PACT.pdf (last visited October 31, 2025).