People v Capella (2026 NY Slip Op 26010)

[*1]

People v Capella

2026 NY Slip Op 26010

Decided on January 18, 2026

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 18, 2026
Criminal Court of the City of New York, Kings County

The People of the State of New York

againstSamantha Capella, Defendant.

Docket No. CR-015430-25KN

Tehilah H. Berman, J.

On March 31, 2025, Samantha Capella ("defendant"), was arraigned on a misdemeanor complaint charging her with menacing in the second degree [PL 120.14(1)], criminal mischief in the fourth degree [PL 145.00(1)], criminal possession of a weapon in the fourth degree [PL 265.01(1) and (2)], attempted assault in the third degree [PL 110/120.00(1)], and harassment in the second degree [PL 240.26(1)]. The complaint alleges that PO Desamours ("deponent") was informed by defendant's brother Angel Capella (the "CW") that "defendant grabbed a kitchen knife and lunged toward the informant with a said knife in an attempt to stab the informant and that the defendant grabbed a canister of pepper spray and that the defendant attempted to use said pepper spray on the informant." The deponent was further informed that defendant damaged a table and pot, and a shopping cart. The deponent further averred that he "recovered said pepper spray and a switchblade on defendant's person." At the time of the alleged incident, defendant was 26 years old and her brother, the CW, was 30 years old. Defense counsel requested a Crawford Hearing at the arraignment pursuant to Crawford v Ally, 197 AD3d 27, 150 N.Y.S.3d 712 (1st Dept. 2021) since the Court had issued a full order of protection. A Crawford hearing is an evidentiary hearing which gives the defendant an opportunity to "present the court with information showing that there may be an immediate and significant deprivation of a substantial personal or property interest upon issuance of the TOP" and which "enables the judge to ascertain the facts necessary to decide whether or not the TOP should be issued." Id., 197 AD3d at 34. Facts to be considered include "whether the temporary order of protection is likely to achieve its purpose in the absence of such a condition, conduct subject to prior orders of protection, prior incidents of abuse, past or present injury, threats, drug or alcohol abuse, and access to weapons." Id.
At the Crawford hearing on April 9, 2024, the Assigned ADA served defense counsel with exhibits, including the Domestic Incident Report ("DIR") and colored pictures of the knife, pepper spray, and kitchen items that were knocked down, and submitted them to the court as well.[FN1]
Under the penalty of making a punishable false written statement under PL § 210.45, a class A misdemeanor, the CW averred in the DIR as follows: "I awoke from my sleep to [*2]screaming and saw my rice in the trash so I had asked Sam [defendant] with no answer. I then got upset with that and said I can take my bed and things back for the disrespect which caused her to start yelling at me to do something to her. I laughed and slapped by face and said to attack since she wanted to and she grabbed the knife and went for me. Her girlfriend who was present managed to stop her before something happen while I held the air fryer for defense. She then ran for her mace spray but I walked away for my phone by then. She proceeded to destroy some things in the rage fit but this is the 5th and last time I can take this. ("Attack" I was in the kitchen while arguing with Samantha and when I said to attack she grabbed the knife and went for a jab but her girlfriend caught her, she was trying to break free and come for me but dropped the knife on the counter." The Crawford hearing resulted in a full order of protection being issued by the court. On July 3, 2024, the People served and filed their Certificate of Compliance ("COC"), Statement of Readiness ("SOR"), inventory of discovery, and the supporting deposition ("SD") of the CW. The SD states: "I, Angel Capella, have read the accusatory instrument filed in this action. The facts in that instrument stated to be true on information furnished by me are true to my personal knowledge."
Defendant moves for an order deeming the People's COC invalid because the People did not fulfill their initial discovery obligation under CPL 245.20(1), and dismissing the accusatory instrument on speedy trial grounds pursuant to CPL §§ 30.30 and 170.30. 
The criminal action commenced when defendant was arraigned on March 31, 2025. 30.30 limitation periods are calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action. People v. Cooper, 98 NY2d 541, 543 (2002). The highest charge is PL 240.26(1), criminal possession of a weapon in the fourth degree, a class A misdemeanor punishable by up to one-year imprisonment (see PL §§265.01; 70.15[1]). Accordingly, the People had 90 days to be ready for trial, minus any periods of excludable delay. (See CPL § 30.30 [1][b].) Pursuant to General Construction Law § 20, the "number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." (See People v Chavis, 91 NY2d 500, 504, 695 N.E.2d 1110, 673 N.Y.S.2d 29 [1998]; People v Stiles, 70 NY2d 765, 767, 514 N.E.2d 1368, 520 N.Y.S.2d 745 [1987]; People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756, 210 N.Y.S.3d 479 [2d Dept. 2024]). In excluding the date of commencement, March 31,2025, the People were required to file and serve upon defendant their COC and SOR on June 29, 2025. 
The People, citing People v. Hooks, 78 Misc 3d 398 (Crim. Ct. Kings Co. 2023), argue that the time between defendant's arraignment and the Crawford hearing is excluded from the speedy trial calculation as a delay caused by a proceeding concerning defendant and was granted by the Court at the request of the defendant. CPL 30.30(4)(b) provides: "In computing the time within which the people must be ready for trial pursuant to subdivisions one and two of this section, the following periods must be excluded: ... (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel." On the other hand, defendant argues that this time is presumptively chargeable, citing People v Grier, 2025 NY Slip Op 25095, 232 NYS3d 751 [Crim Ct Kings County 2025]), and People v. Sheppard, Dkt. CR. 002036-24KN (Crim. Ct. Kings Cty, July 25, 2024, J. Mimes). A Crawford evidentiary hearing ensures due process when a defendant faces the deprivation of a significant liberty or property interest. People ex rel. Hose v. Molina, 83 Misc 3d 980, 991 (Sup. [*3]Ct. NY Co. 2024). Similarly, speedy trial limitations ensure due process to the extent that there is no unjustified delay in prosecution. People v Clark, 180 AD3d 925, 926 (2d Dept. 2020). Neither the right to a speedy trial under the Sixth Amendment to the US Constitution nor the due process protections for property interests under the Fourteenth Amendment takes precedence, as they are distinct constitutional rights. See, People v. Mordino, 58 AD2d 197, 206 (4th Dept. 1977) ("First Amendment rights of the press and the public and the rights of an accused to a fair trial under the Sixth Amendment are coequal and that one does not take precedence over the other"). Furthermore, "While an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." United States v. Goodwin, 457 U.S. 368, 372 (1982). See also, People v. Young, 94 NY2d 171, 176 (1999) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."); People v. Powell, 236 AD3d 1239, 1243 (3d Dept. 2025) (same). Accordingly, defendant cannot be penalized for exercising her due process right to a Crawford hearing, and this court finds that the period of time between defendant's arraignment and the Crawford hearing is not considered a "period of delay" caused by the defendant; to the contrary, it is chargeable to the People. Since the People filed their COC and SOR ninety-four days after defendant's arraignment, they exceeded their speedy trial limitation under CPL 30.30(1)(b), and the motion to dismiss under CPL 170.30(1)(e) is GRANTED.
Although not raised by the defendant, this case must also be dismissed in the interests of justice pursuant to CPL 170.40, which provides that a misdemeanor complaint may be dismissed in the interest of justice when there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice." The complaint alleges that defendant lunged toward him with a kitchen knife in an attempt to stab the CW, and that she grabbed a canister of pepper spray in an attempt to use it on the CW. On the other hand, in the DIR, the CW averred that he got "upset" at his sister for the "disrespect" and threatened to "take my bed and things back," and she started yelling at him "to do something to her." He laughed and slapped his own face and instigated her to attack him "since she wanted to." Furthermore, contrary to the allegations in the complaint, the CW averred in the DIR that defendant's girlfriend stopped her, and that he "held the air fryer for defense." He also averred that he walked away as she was running for her mace spray, and did not claim that she threatened to spray him. Finally, the CW did not allege in the DIR that his sister threatened him with a switchblade knife as alleged in the complaint, as he averred that she had dropped a "knife" (not specifically a switchblade) on the counter. The CW's statement, which meets the statutory definition of a "supporting definition," [People v. Richards, 43 Misc 3d 1206(A) (Kings Co. Crim. Ct. 2014)], is at odds with the factual allegations in the complaint to the extent that it demonstrates that the CW instigated and teased his sister and may have even been the aggressor as he was holding an air fryer; she was not a true threat to her older brother; and that she never threatened him with a knife or pepper spray. The DIR is exculpatory, and prosecuting this case against defendant would result in a grave injustice. See, People v. Asche, 175 Misc 2d 639, 640 (Nassau Co. Dist. Ct. 1998) (accusatory instrument charging defendant with driving while intoxicated in violation of VTL 1192 (2) was dismissed pursuant to CPL 170.40 as defendant, who was intoxicated at the time of the incident but was in his friend's house and had no intention of driving in that condition, was ordered by a police officer to leave and move his truck and was then stopped and arrested as he was following the officer's instruction). Accordingly, this case [*4]is dismissed in furtherance of justice, and the order of protection is vacated. This constitutes the decision and order of the court.
Dated: January 18, 2026Kings County, New YorkHon. Tehilah H. BermanJudge of the Criminal Court

Footnotes

Footnote 1:A DIR is a police document that a complaining witness in a domestic violence case completes and signs subject to the penalty of perjury (see New York City Police Department Patrol Guide, Arrest Procedure No: 208-36).